David H. Bundy (Alaska Bar 7210043)
DAVID H. BUNDY, P.C.
3201 C Street, Suite 301
Anchorage, Alaska 99503
Telephone: (907) 248-8431
Facsimile: (907) 248-8434
Email: dhb@alaska.net

James I. Stang (CA Bar 94435)
Hamid R. Rafatjoo (CA Bar 181564)
Gillian N. Brown (CA Bar 205132)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jstang@pszjlaw.com
hrafatjoo@pszjlaw.com
gbrown@pszjlaw.com

Attorneys for the Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| CATHOLIC BISHOP OF NORTHERN ALASKA, an Alaskan religious corporation sole, | ) | Case No. 08-00110-DMD |
| | ) | Adv. No. 09-___________ |
| Debtor | ) | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| CATHOLIC TRUST OF NORTHERN ALASKA ;IMMACULATE CONCEPTION ELEMENTARY SCHOOL; MONROE CATHOLIC JUNIOR-SENIOR HIGH SCHOOL; SAINT IGNATIUS PARISH (Alakanuk); SAINT TERESA PARISH (Aniak); SAINT PATRICK PARISH (Barrow); IMMACULATE CONCEPTION PARISH (Bethel); SAINT CATHERINE OF SIENA PARISH | ) | |

(Chefornak); SACRED HEART PARISH (Chevak); )
OUR LADY OF SORROWS PARISH (Delta )
Junction); SACRED HEART PARISH )
(Emmonak);IMMACULATE CONCEPTION )
PARISH (Fairbanks); SACRED HEART PARISH )
(Fairbanks); SAINT MARK'S UNIVERSITY )
PARISH (Fairbanks); SAINT RAPHAEL PARISH )
(Fairbanks); SAINT JOHN BERCHMANS PARISH )
(Galena); HOLY MARY OF GUADALUPE )
PARISH (Healy); HOLY FAMILY PARISH (Holy )
Cross); LITTLE FLOWER OF JESUS PARISH )
(Hooper Bay); SAINT FRANCIS REGIS PARISH )
(Huslia); IMMACULATE CONCEPTION PARISH )
(Kalskag); SAINT TERESA PARISH (Kaltag); )
SAINT JOSEPH PARISH (Kotlik); SAINT )
FRANCIS XAVIER PARISH (Kotzebue); SAINT )
PATRICK PARISH (Koyukuk); SAINT JUDE )
PARISH (Little Diomede Island); IMMACULATE )
HEART OF MARY PARISH (Marshall); SAINT )
MICHAEL PARISH (McGrath); SAINT )
LAWRENCE PARISH (Mountain Village); SAINT )
TERESA PARISH (Nenana); HOLY FAMILY )
PARISH (Newtok); OUR LADY OF PERPETUAL )
HELP PARISH (Nightmute); SAINT JOSEPH )
PARISH (Nome); SAINT NICHOLAS PARISH )
(North Pole); OUR LADY OF THE SNOWS )
PARISH (Nulato); SAINT PETER PARISH )
(Nunam Iqua); SAINT CHARLES SPINOLA )
PARISH (Pilot Station); SAINT PETER IN )
CHAINS PARISH (Ruby); OUR LADY OF )
GUADALUPE PARISH (Russian Mission); )
CHURCH OF THE NATIVITY PARISH (Saint )
Marys); SAINT MICHAEL PARISH (Saint )
Michael); BLESSED SACRAMENT PARISH )
(Scammon Bay); SAINT BERNARD PARISH )
(Stebbins); SAINT ALOYSIUS PARISH (Tanana); )
SAINT ANN PARISH (Teller); HOLY ROSARY )
PARISH (Tok); SAINT PETER THE FISHERMAN )
PARISH (Toksook Bay); SAINT JOSEPH PARISH )
(Tununak); CHURCH OF THE HOLY ANGELS )
PARISH (Unalakleet); BISHOP DONALD J. )
KETTLER, Trustee, GEORGE R. ELLIOTT, JR., )
Trustee, HAROLD ESMAILKA, Trustee, JAMES )
HASELBERGER, Trustee, FREDERICK A. )
VILLA, Trustee, FR. ROSS TOZZI, Trustee and )
NORMAN E. SCHMIDT, Trustee, )
Defendants. )

# COMPLAINT FOR
# AVOIDANCE OF FRAUDULENT TRANSFERS

The Official Committee of Unsecured Creditors ("Committee" or "Plaintiff") for the Catholic Bishop of Northern Alaska alleges as follows upon knowledge with respect to itself, and upon information and belief as to all other matters:

## General Allegations

1. Plaintiff brings this adversary proceeding to remedy a number of harms that the Catholic Bishop of Northern Alaska, an Alaskan religious corporation sole, aka the Diocese of Fairbanks ("CBNA" or "Debtor"), its officers, directors, employees, and related entities have all perpetuated at the expense of the men and women who have claims against the Diocese for childhood sexual and physical abuse (the "Survivors").

2. In the period leading up to the Debtor's filing for chapter 11 bankruptcy protection on March 1, 2008, the Debtor attempted to hide its assets from the Survivors whose claims the Debtor long knew constituted the vast bulk of its liabilities. The Diocese, its Bishop, and its Director of Finance took a lesson from bankruptcy cases of other dioceses to divest, shield, and lessen the availability of resources for these Survivors. They did this by amending the Debtor's Articles of Incorporation on April 4, 2007 (less than one year prior to the commencement of the bankruptcy) to assert that the Debtor – the owner of all of the property located at each parish in the Diocese – only held that property for the benefit of the parishes, missions, schools and other "public juridic persons". In addition, certain settlors created a trust (Defendant Catholic Trust of Northern Alaska ("CTNA")) for the benefit of the defendants into which CBNA funneled $3 million from its own accounts.

3. For these reasons, Plaintiff brings this Complaint seeking to avoid the Debtor's transfer of substantial cash to CTNA.

**The Parties**

4. Plaintiff is an official committee of unsecured creditors designated as the Official Committee of Unsecured Creditors. Plaintiff's constituents include creditors of the Diocese who filed tort-based lawsuits and/or have claims against the Debtor based upon sexual abuse. The Plaintiff has standing to commence, prosecute and settle the claims for relief alleged herein based on the Bankruptcy Court's order of September 11, 2009 (Docket No. 530).

5. Upon information and belief, Defendant CTNA is a trust under Alaska Law.

6. Upon information and belief, the trustees of CTNA are Bishop Donald J. Kettler, George R. Elliott, Jr., Harold Esmailka, James Haselberger, Frederick A. Villa, Fr. Ross Tozzi, and Norman E. Schmidt. These individuals are sued solely in their capacities as trustees of CTNA.

7. Upon information and belief, CTNA, CTNA's trustees and the Debtor contend that Defendants Immaculate Conception Elementary School and Monroe Catholic Junior-Senior High School are beneficiaries of CTNA. *Plaintiff denies that contention as Defendants Immaculate Conception Elementary School and Monroe Catholic Junior-Senior High School are part of the Debtor but names them as solely as a precaution should Plaintiff fail to prove that they are part of the Debtor or the Diocese.*

8. Upon information and belief, the remaining defendants contend that they are separate entities from the Diocese and contend that they are beneficiaries of CTNA. *Plaintiff denies that contention and names the remaining defendants solely as a precaution should Plaintiff fail to prove the allegations contained in a separate complaint that the defendants are not separate entities from the Diocese or the Debtor.*

a. Upon information and belief, Defendant Saint Ignatius Parish in Alakanuk, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Ignatius Parish is an entity separate and distinct from the Debtor. Plaintiff

names Saint Ignatius Parish as a defendant in this Complaint solely for purposes of this Complaint.

b. Upon information and belief, Defendant Saint Teresa Parish in Aniak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Teresa Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Teresa Parish as a defendant in this Complaint solely for purposes of this Complaint.

c. Upon information and belief, Defendant Saint Patrick Parish in Barrow, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Patrick Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Patrick Parish as a defendant in this Complaint solely for purposes of this Complaint.

d. Upon information and belief, Defendant Immaculate Conception Parish in Bethel, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Immaculate Conception Parish is an entity separate and distinct from the Debtor. Plaintiff names Immaculate Conception Parish as a defendant in this Complaint solely for purposes of this Complaint.

e. Upon information and belief, Defendant Saint Catherine of Siena Parish in Chefornak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Catherine of Siena Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Catherine of Siena Parish as a defendant in this Complaint solely for purposes of this Complaint.

f. Upon information and belief, Defendant Sacred Heart Parish in Chevak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Sacred

Heart Parish is an entity separate and distinct from the Debtor. Plaintiff names Sacred Heart Parish as a defendant in this Complaint solely for purposes of this Complaint.

g. Upon information and belief, Defendant Our Lady of Sorrows Parish in Delta Junction, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Our Lady of Sorrows Parish is an entity separate and distinct from the Debtor. Plaintiff names Our Lady of Sorrows Parish as a defendant in this Complaint solely for purposes of this Complaint.

h. Upon information and belief, Defendant Sacred Heart Parish in Emmonak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Sacred Heart Parish is an entity separate and distinct from the Debtor. Plaintiff names Sacred Heart Parish as a defendant in this Complaint solely for purposes of this Complaint.

i. Upon information and belief, Defendant Immaculate Conception Parish in Fairbanks, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Immaculate Conception Parish is an entity separate and distinct from the Debtor. Plaintiff names Immaculate Conception Parish as a defendant in this Complaint solely for purposes of this Complaint.

j. Upon information and belief, Defendant Sacred Heart Parish in Fairbanks, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Sacred Heart Parish is an entity separate and distinct from the Debtor. Plaintiff names Sacred Heart Parish as a defendant in this Complaint solely for purposes of this Complaint.

k. Upon information and belief, Defendant Saint Mark's University Parish in Fairbanks, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that

Defendant Saint Mark's University Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Mark's University Parish as a defendant in this Complaint solely for purposes of this Complaint.

l. Upon information and belief, Defendant Saint Raphael Parish in Fairbanks, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Raphael Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Raphael Parish as a defendant in this Complaint solely for purposes of this Complaint.

m. Upon information and belief, Defendant Saint John Berchmans Parish in Galena, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint John Berchmans Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint John Berchmans Parish as a defendant in this Complaint solely for purposes of this Complaint.

n. Upon information and belief, Defendant Holy Mary of Guadalupe Parish in Healy, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Holy Mary of Guadalupe Parish is an entity separate and distinct from the Debtor. Plaintiff names Holy Mary of Guadalupe Parish as a defendant in this Complaint solely for purposes of this Complaint.

o. Upon information and belief, Defendant Holy Family Parish in Holy Cross, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Holy Family Parish is an entity separate and distinct from the Debtor. Plaintiff names Holy Family Parish as a defendant in this Complaint solely for purposes of this Complaint.

p. Upon information and belief, Defendant Little Flower of Jesus Parish in Hooper Bay, Alaska alleges that it is an unincorporated association consisting of certain

unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Little Flower of Jesus Parish is an entity separate and distinct from the Debtor. Plaintiff names Little Flower of Jesus Parish as a defendant in this Complaint solely for purposes of this Complaint.

q. Upon information and belief, Defendant Saint Francis Regis Parish in Huslia, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Francis Regis Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Francis Regis Parish as a defendant in this Complaint solely for purposes of this Complaint.

r. Upon information and belief, Defendant Immaculate Conception Parish in Kalskag, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Immaculate Conception Parish is an entity separate and distinct from the Debtor. Plaintiff names Immaculate Conception Parish as a defendant in this Complaint solely for purposes of this Complaint.

s. Upon information and belief, Defendant Saint Teresa Parish in Kaltag, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Teresa Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Teresa Parish as a defendant in this Complaint solely for purposes of this Complaint.

t. Upon information and belief, Defendant Saint Joseph Parish in Kotlik, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Joseph Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Joseph Parish as a defendant in this Complaint solely for purposes of this Complaint.

u. Upon information and belief, Defendant Saint Francis Xavier Parish in Kotzebue, Alaska alleges that it is an unincorporated association consisting of certain

unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Francis Xavier Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Francis Xavier Parish as a defendant in this Complaint solely for purposes of this Complaint.

v. Upon information and belief, Defendant Saint Patrick Parish in Koyukuk, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Patrick Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Patrick Parish as a defendant in this Complaint solely for purposes of this Complaint.

w. Upon information and belief, Defendant Saint Jude Parish in Little Diomede Island, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Jude Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Jude Parish as a defendant in this Complaint solely for purposes of this Complaint.

x. Upon information and belief, Defendant Immaculate Heart of Mary Parish in Marshall, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Immaculate Heart of Mary Parish is an entity separate and distinct from the Debtor. Plaintiff names Immaculate Heart of Mary Parish as a defendant in this Complaint solely for purposes of this Complaint.

y. Upon information and belief, Defendant Saint Michael Parish in McGrath, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Michael Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Michael Parish as a defendant in this Complaint solely for purposes of this Complaint.

z. Upon information and belief, Defendant Saint Lawrence Parish in Mountain Village, Alaska alleges that it is an unincorporated association consisting of certain

unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Lawrence Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Lawrence Parish as a defendant in this Complaint solely for purposes of this Complaint.

aa. Upon information and belief, Defendant Saint Teresa Parish in Nenana, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Teresa Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Teresa Parish as a defendant in this Complaint solely for purposes of this Complaint.

bb. Upon information and belief, Defendant Holy Family Parish in Newtok, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Holy Family Parish is an entity separate and distinct from the Debtor. Plaintiff names Holy Family Parish as a defendant in this Complaint solely for purposes of this Complaint.

cc. Upon information and belief, Defendant Our Lady of Perpetual Help Parish in Nightmute, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Our Lady of Perpetual Help Parish is an entity separate and distinct from the Debtor. Plaintiff names Our Lady of Perpetual Help Parish as a defendant in this Complaint solely for purposes of this Complaint.

dd. Upon information and belief, Defendant Saint Joseph Parish in Nome, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Joseph Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Joseph Parish as a defendant in this Complaint solely for purposes of this Complaint.

ee. Upon information and belief, Defendant Saint Nicholas Parish in North Pole, Alaska alleges that it is an unincorporated association consisting of certain unidentified

individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Nicholas Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Nicolas Parish as a defendant in this Complaint solely for purposes of this Complaint.

ff. Upon information and belief, Defendant Our Lady of the Snows Parish in Nulato, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Our Lady of the Snows Parish is an entity separate and distinct from the Debtor. Plaintiff names Our Lady of the Snows Parish as a defendant in this Complaint solely for purposes of this Complaint.

gg. Upon information and belief, Defendant Saint Peter Parish in Nunam Iqua, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Peter Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Peter Parish as a defendant in this Complaint solely for purposes of this Complaint.

hh. Upon information and belief, Defendant Saint Charles Spinola Parish in Pilot Station, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Charles Spinola Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Charles Spinola Parish as a defendant in this Complaint solely for purposes of this Complaint.

ii. Upon information and belief, Defendant Saint Peter in Chains Parish in Ruby, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Peter in Chains Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Peter in Chains Parish as a defendant in this Complaint solely for purposes of this Complaint.

jj. Upon information and belief, Defendant Our Lady of Guadalupe Parish in Russian Mission, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that

Defendant Our Lady of Guadalupe Parish is an entity separate and distinct from the Debtor. Plaintiff names Our Lady of Guadalupe Parish as a defendant in this Complaint solely for purposes of this Complaint.

kk. Upon information and belief, Defendant Church of the Nativity Parish in Saint Marys, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Church of the Nativity Parish is an entity separate and distinct from the Debtor. Plaintiff names Church of the Nativity Parish as a defendant in this Complaint solely for purposes of this Complaint.

ll. Upon information and belief, Defendant Saint Michael Parish in Saint Michael, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Michael Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Michael Parish as a defendant in this Complaint solely for purposes of this Complaint.

mm. Upon information and belief, Defendant Blessed Sacrament Parish in Scammon Bay, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Blessed Sacrament Parish is an entity separate and distinct from the Debtor. Plaintiff names Blessed Sacrament Parish as a defendant in this Complaint solely for purposes of this Complaint.

nn. Upon information and belief, Defendant Saint Bernard Parish in Stebbins, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Bernard Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Bernard Parish as a defendant in this Complaint solely for purposes of this Complaint.

oo. Upon information and belief, Defendant Saint Aloysius Parish in Tanana, Alaska alleges that it is an unincorporated association consisting of certain unidentified

individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Aloysius Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Aloysius Parish as a defendant in this Complaint solely for purposes of this Complaint.

pp. Upon information and belief, Defendant Saint Ann Parish in Teller, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Ann Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Ann Parish as a defendant in this Complaint solely for purposes of this Complaint.

qq. Upon information and belief, Defendant Holy Rosary Parish in Tok, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Holy Rosary Parish is an entity separate and distinct from the Debtor. Plaintiff names Holy Rosary Parish as a defendant in this Complaint solely for purposes of this Complaint.

rr. Upon information and belief, Defendant Saint Peter the Fisherman Parish in Toksook Bay, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Peter the Fisherman Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Peter the Fisherman Parish as a defendant in this Complaint solely for purposes of this Complaint.

ss. Upon information and belief, Defendant Saint Joseph Parish in Tununak, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that Defendant Saint Joseph Parish is an entity separate and distinct from the Debtor. Plaintiff names Saint Joseph Parish as a defendant in this Complaint solely for purposes of this Complaint.

tt. Upon information and belief, Defendant Church of the Holy Angels Parish in Unalakleet, Alaska alleges that it is an unincorporated association consisting of certain unidentified individuals in a certain geographical area of the Diocese. Plaintiff denies that

Defendant Church of the Holy Angels Parish is an entity separate and distinct from the Debtor. Plaintiff names Church of the Holy Angels Parish as a defendant in this Complaint solely for purposes of this Complaint.

uu. The Defendants named at paragraphs a to tt, above, shall be referred to collectively as the "Parishes."

**Jurisdiction and Venue**

9. This Court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

10. The instant adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because the instant adversary proceeding is a core proceeding arising in a bankruptcy case pending in the District of Alaska.

**Factual Background**

12. On March 1, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq.

13. On or about September 21, 2007, certain settlors created CTNA. CBNA funded CTNA with more than $3 million of monies that were previously on deposit in CBNA's bank accounts. CBNA contends that it is the trustee of the property of CTNA, had no equitable interest in the property transferred to CTNA prior to the transfer and has no interest in the property of CTNA.

**FIRST CLAIM FOR RELIEF**
**(To Avoid Intentionally Fraudulent Transfers –**
**11 U.S.C. §§544(b) and AS 34.40.010)**

14. Plaintiff repeats and realleges the allegations of each of the preceding paragraphs as if fully set forth herein.

15. A creditor holding an unsecured claim prior to the creation and funding of CTNA existed on the Petition Date.

16. Plaintiff has the rights of a trustee under 11 U.S.C. §544(b).

17. Plaintiff is informed and believes and thereon alleges that the funding of CTNA in the one year prior to the Petition Date was made with an actual intent to hinder, delay, or defraud CBNA's creditors.

18. At all relevant times, the funding of CTNA and the transfers from the Debtor to CTNA were avoidable pursuant to AS 34.40.010.

**SECOND CLAIM FOR RELIEF**
**(To Avoid Intentionally Fraudulent Transfers –**
**11 U.S.C. §548(a)(1)(A))**

19. Plaintiff repeats and realleges the allegations of each of the preceding paragraphs as if fully set forth herein.

20. Plaintiff is informed and believes and thereon alleges that the funding of CTNA in the two years prior to the Petition Date was made with an actual intent to hinder, delay, or defraud the Debtor's creditors.

21. At all relevant times, the funding of CTNA and the transfers from the Debtor to CTNA were avoidable pursuant to 11 U.S.C. §548(a)(1)(A).

**THIRD CLAIM FOR RELIEF**
**(To Avoid Constructively Fraudulent Transfers –**
**11 U.S.C. §548(a)(1)(B))**

22. Plaintiff repeats and realleges the allegations of each of the preceding paragraphs as if fully set forth herein.

23. Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Diocese: (a) was insolvent, or became insolvent as a result of the creation and funding of CTNA; (b) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

24. Plaintiff is informed and believes, and thereon asserts, that CTNA did not give CBNA, and CBNA did not otherwise receive, reasonably equivalent value for the funding of CTNA.

25. At all relevant times, the funding of CTNA and the transfers from the Debtor to CTNA were avoidable pursuant to 11 U.S.C. §548(a)(1)(B) .

**FOURTH CLAIM FOR RELIEF**
**(Recovery of Property – 11 U.S.C. §§544(b) and 550 and AS 34.40.010)**

26. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

27. Upon information and belief, Plaintiff alleges that CTNA is the initial transferee of the transfers alleged in the First, Second and Third Claims for Relief, inclusive, or the immediate or mediate transferee of such initial transferee.

28. Plaintiff is entitled to avoid the transfers alleged in the First, Second and Third Claims for Relief, inclusive, under 11 U.S.C. §§544(b) and 548 of the Bankruptcy Code and AS 34.40.010. As Defendant is the initial, immediate, or mediate transferee of the transfers alleged in the First, Second and Third Claims for Relief, inclusive, Plaintiff is entitled to recover for the estate the proceeds or value of the respective transfers under 11 U.S.C. §550.

**WHEREFORE**, Plaintiff prays for judgment as follows:

29. For a determination that the transfers alleged in the Complaint are avoidable as fraudulent transfers pursuant to 11 U.S.C. §§544 and/or 548 and A.S. 34-40-010, and judgment that that Plaintiff is entitled to recover the transfers, or the value thereof, under 11 U.S.C. §550.

30. Prejudgment interest.

31. Granting such other and further relief as is just and proper.

Dated: September 16, 2009

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ James I Stang

James I. Stang (CA Bar No. 94435)
Hamid R. Rafatjoo (CA Bar No. 181564)
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

Attorneys for Official Committee of Unsecured Creditors

Dated: September 16, 2009

DAVID H. BUNDY, P.C.

By /s/ David H. Bundy

David H. Bundy (AK Bar 7210043)
DAVID H. BUNDY, P.C.
3201 C Street, Suite 301
Anchorage, AK 99503
Telephone: (907) 248-8431
Facsimile: (907) 248-8434

Attorneys for Official Committee of Unsecured Creditors